UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------- x

MICHAEL SAPIA, *et al.*,

               Plaintiffs,

        - against -

HOME BOX OFFICE, INC.,

               Defendant.

----------------------------------------------------------- x

Case No. 18-cv-01317 (CM)

**ANSWER TO**
**AMENDED COMPLAINT**

      In light of the Court's December 17, 2018 Decision and Order (Docket Doc. No. 28) dismissing the claims of all plaintiffs except that of Curtis Neil ("Neil" or "Plaintiff"), defendant Home Box Office, Inc. ("HBO" or "Defendant") answers the corresponding paragraphs of the First Amended Complaint (the "Complaint") in the above captioned action, insofar as they relate to Neil's claims, as follows:

      1.     HBO admits that, in this action, Neil purports to allege that HBO has engaged in acts which amount to violations of federal and state wage and hour laws, but denies all other allegations in paragraph 1 of the Complaint insofar as they apply to Neil, including that it engaged in those alleged acts.  No response is required to those parts of the allegations in paragraph 1 which concern plaintiffs whose claims have been dismissed from this action.

      2.     HBO admits that Neil provided services as a PPA, denies knowledge or information sufficient to form a belief as to the duties he performed in that capacity, and denies all other allegations in paragraph 2 insofar as they apply to Neil.  No response is required to those parts of the allegations in paragraph 2 which concern plaintiffs whose claims have been dismissed from this action.

3.      HBO admits that Neil opted into the lawsuit bearing the caption *Fermin, et al. v. Home Box Office, Inc., et al.*, 15-cv-07941 (S.D.N.Y. 2015) (the "*Fermin* Action"), and respectfully refers the Court to the complaint in that action for a full and accurate recitation of its contents.  HBO denies knowledge or information sufficient to determine the extent of Neil's involvement in other lawsuits commenced on behalf of PPAs.  No response is required to those parts of the allegations in paragraph 3 which concern plaintiffs whose claims have been dismissed from this action.

4.      HBO denies the allegations in paragraph 4 of the Amended Complaint as they apply to Neil.  No response is required to those parts of the allegations in paragraph 4 which concern plaintiffs whose claims have been dismissed from this action.

5.      HBO denies the allegations in paragraph 5 of the Amended Complaint insofar as they concern Neil.  No response is required to those parts of the allegations in paragraph 5 which concern plaintiffs whose claims have been dismissed from this action.

6.      The allegations set forth in paragraph 6 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 6 contains any factual assertions, HBO admits the existence of the statutes cited therein, and respectfully refers the Court to them for a full and accurate recitation of their contents.  To the extent that the allegations concerning those statutes are inconsistent with the contents of the statutes themselves, HBO denies them.

7.      HBO admits that it maintains facilities and conducts business within the Southern District of New York.  The remaining allegations set forth in paragraph 7 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 7 contains any factual assertions, HBO admits the existence of the statutes cited

therein, and respectfully refers the Court to them for a full and accurate recitation of their contents. To the extent that the allegations concerning those statutes are inconsistent with the contents of the statutes themselves, HBO denies them.

8.     HBO denies the allegations in paragraph 8 insofar as they concern Neil. No response is required to those parts of the allegations in paragraph 8 which concern plaintiffs whose claims have been dismissed from this action.

9.     HBO admits the allegations in paragraph 9.

10.    HBO admits that it has transacted and continues to transact business within the state of New York, and that television productions filmed in the state of New York have been distributed by HBO, but denies the remaining allegations in paragraph 10, and specifically denies that it employed Neil as a PPA. No response is required to those parts of the allegations in paragraph 10 which concern plaintiffs whose claims have been dismissed from this action.

11.    HBO denies the allegations in paragraph 11 insofar as they concern Neil.

12.    The allegations set forth in paragraph 12 consist of legal argument or conclusion, and therefore require no response. To the extent, however, that paragraph 12 contains any factual assertions, HBO denies them, except admits that the annual gross volume of its sales made or business done is not less than $500,000.

13.    The allegations set forth in paragraph 13 consist of legal argument or conclusion, and therefore require no response. To the extent, however, that paragraph 13 contains any factual assertions, HBO denies them, except admits that it is engaged in interstate commerce.

14.    The allegations set forth in paragraph 14 consist of legal argument or conclusion, and therefore require no response. To the extent, however, that paragraph 14 contains any factual assertions with regard to Neil, HBO denies them. No response is required to those parts

of the allegations in paragraph 14 which concern plaintiffs whose claims have been dismissed from this action.

15.     HBO is incapable of meaningfully responding to the allegations in paragraph 15 because the term "producing" is ambiguous and does not have a single or specific meaning. Notwithstanding the foregoing, HBO admits that it finances the production of films and television series and denies the remaining allegations in paragraph 15.

16.     HBO admits that development and production of a film or television series requires the coordinated efforts of numerous people and that people holding the job titles listed in paragraph 16 may be involved in those processes.  HBO denies the remaining allegations in paragraph 16 on grounds which include but are not limited to that the specific roles involved in any particular production vary based on many factors, and thus HBO is incapable of meaningfully responding to paragraph 16's generalized allegations.  HBO specifically denies that development and production of a film or television series always requires the efforts of parking production coordinators or parking production supervisors.

17.     HBO admits that some productions involve the services of Parking Coordinators and PPAs, that Parking Coordinators assign work to PPAs, and that the tasks apportioned to PPAs have included securing parking spaces in advance of filming on location.  HBO denies the remaining allegations in paragraph 17 on grounds which include but are not limited to that the allegations generalize PPAs' responsibilities across productions in a manner inherently incapable of meaningful response and that HBO has no direct knowledge of specific roles assigned to PPAs on any particular production.

18.     HBO admits that PPAs can work on multiple productions with different employers, subsequently and simultaneously.  HBO further admits that Neil provided services as

a PPA but denies knowledge or information sufficient to form a belief as to the extent to which Neil provided PPA services to "multiple productions, simultaneously and/or consecutively." HBO denies the remaining allegations in paragraph 18 insofar as they concern Neil, and specifically denies that it was Neil's employer.  No response is required to those parts of the allegations in paragraph 18 which concern plaintiffs whose claims have been dismissed from this action.

19.     HBO denies the allegations in paragraph 19 insofar as they concern Neil.  No response is required to those parts of the allegations in paragraph 19 which concern plaintiffs whose claims have been dismissed from this action.

20.     HBO denies the allegations in paragraph 20 insofar as they concern Neil.  No response is required to those parts of the allegations in paragraph 20 which concern plaintiffs whose claims have been dismissed from this action.

21.     HBO admits that, in certain instances, writers have pitched concepts and/or scripts to HBO, and that, on certain occasions, HBO has entered into contracts with writers who have pitched such concepts and/or scripts to develop the projects.  HBO denies the remaining allegations in paragraph 21 on grounds which include but are not limited to that the allegations generalize the development process in a manner inherently incapable of meaningful response.

22.     HBO admits that production companies, not HBO, generally are responsible for the physical production of film and television content.  HBO denies the remaining allegations in paragraph 22 on grounds which include but are not limited to that the allegations are ambiguous and confusing, and that they generalize the film and television production process in a manner inherently incapable of meaningful response.

23.     HBO admits that it has provided financing and/or financial support to certain production companies for the purpose of producing films and television series.  HBO denies the remaining allegations in paragraph 23 on grounds which include but are not limited to that the allegations generalize the film and television production process in a manner inherently incapable of meaningful response.

24.     HBO denies the allegations in paragraph 24 as applied to Neil.  No response is required to those parts of the allegations in paragraph 24 which concern plaintiffs whose claims have been dismissed from this action.

25.     HBO denies the allegations in paragraph 25 as applied to Neil.  No response is required to those parts of the allegations in paragraph 25 which concern plaintiffs whose claims have been dismissed from this action.

26.     HBO admits that it is common practice in the film and television industry for employees to be required to execute forms contained in a "start packet," which may include an I-9 and/or W-4 form, prior to commencement of work on each production.  HBO denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 26 as applied to Neil.  No response is required to those parts of the allegations in paragraph 26 which concern plaintiffs whose claims have been dismissed from this action.

27.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27 as applied to Neil.  No response is required to those parts of the allegations in paragraph 27 which concern plaintiffs whose claims have been dismissed from this action.

28.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 28 as applied to Neil.  No response is required to those parts of the

allegations in paragraph 28 which concern plaintiffs whose claims have been dismissed from this action.

29.     HBO admits the existence of Mr. Cabrera's LinkedIn page and respectfully refers the Court to that document for a full and accurate recitation of its contents.  HBO denies the remaining allegations in paragraph 29.

30.     HBO is incapable of meaningfully responding to the allegations in paragraph 30 because the terms "its production companies" and "corporate documentation" are undefined, vague and ambiguous, and because the allegations generalize the circumstances of all production companies, and for these reasons HBO denies the allegations in paragraph 30 as applied to the production companies to which Neil provided services.  No response is required to those parts of the allegations in paragraph 30 which concern plaintiffs whose claims have been dismissed from this action.

31.     HBO denies the allegations in paragraph 31 as applied to Neil.  No response is required to those parts of the allegations in paragraph 31 which concern plaintiffs whose claims have been dismissed from this action.

32.     HBO admits that third-party payroll companies were used to pay crew members, including PPAs, on productions financed by HBO and denies the remaining allegations in paragraph 32 as applied to Neil.  No response is required to those parts of the allegations in paragraph 32 which concern plaintiffs whose claims have been dismissed from this action.

33.     HBO denies the allegations in paragraph 33 as applied to Neil.  No response is required to those parts of the allegations in paragraph 33 which concern plaintiffs whose claims have been dismissed from this action.

34.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 34 as applied to Neil.  No response is required to those parts of the allegations in paragraph 34 which concern plaintiffs whose claims have been dismissed from this action.

35.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 35 as applied to Neil.  No response is required to those parts of the allegations in paragraph 35 which concern plaintiffs whose claims have been dismissed from this action.

36.     HBO denies the allegations in paragraph 36, and specifically denies that the contents of its tax returns support the inference of an employment relationship with Neil, on grounds which include but are not limited to that the phrase "expenses associated with its production of the film and television productions for which it utilizes Plaintiffs as PPAs" is vague, ambiguous and generalizes the circumstances of all productions in a manner inherently incapable of meaningful response.  Further answering, HBO states that certain production costs have been classified as "Program Amortization" on its tax returns.  No response is required to those parts of the allegations in paragraph 36 which concern plaintiffs whose claims have been dismissed from this action.

37.     HBO denies the allegations in paragraph 37 as applied to Neil.  No response is required to those parts of the allegations in paragraph 37 which concern plaintiffs whose claims have been dismissed from this action.

38.     HBO admits that it sets the budget for certain film and television productions and denies the remaining allegations in paragraph 38 as applied to Neil.  No response is required to

those parts of the allegations in paragraph 38 which concern plaintiffs whose claims have been dismissed from this action.

39.     HBO denies the allegations in paragraph 39 as applied to Neil.  No response is required to those parts of the allegations in paragraph 39 which concern plaintiffs whose claims have been dismissed from this action.

40.     HBO denies the allegations in paragraph 40 as applied to Neil.  No response is required to those parts of the allegations in paragraph 40 which concern plaintiffs whose claims have been dismissed from this action.

41.     HBO admits the existence of a July 29, 2014 article in the *Poughkeepsie Journal* concerning the television show *Girls* and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 41 are inconsistent with the contents of that document, HBO denies them.

42.     HBO denies the allegations in paragraph 42.

43.     HBO admits the existence of a July 29, 2014 article in the *Poughkeepsie Journal* concerning the television show *Girls* and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 43 are inconsistent with the contents of that document, HBO denies them.

44.     HBO denies the allegations in paragraph 44 as applied to Neil.  No response is required to those parts of the allegations in paragraph 44 which concern plaintiffs whose claims have been dismissed from this action.

45.     HBO admits the existence of two parking restriction notices issued by the Hastings-on-Hudson police department and respectfully refers the Court to those documents for a

full and accurate recitation of their contents.  To the extent that the allegations in paragraph 45 are inconsistent with the contents of those documents, HBO denies them.

46.     HBO denies the allegations in paragraph 46 as applied to Neil.  No response is required to those parts of the allegations in paragraph 46 which concern plaintiffs whose claims have been dismissed from this action.

47.     HBO admits that it was involved in negotiations with Communications Workers of America, Local 1101, denies knowledge or information sufficient to determine whether Neil is a member of Local 1101, and denies the remaining allegations in paragraph 47 as applied to Neil. No response is required to those parts of the allegations in paragraph 47 which concern plaintiffs whose claims have been dismissed from this action.

48.     HBO admits the existence of NLRB Case Number 02-RC-212029 and respectfully refers the Court to the documents filed therein for a full and accurate recitation of their contents.  HBO denies that HBO is identified as Neil's employer in that matter.  No response is required to those parts of the allegations in paragraph 48 which concern plaintiffs whose claims have been dismissed from this action.

49.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 concerning productions to which Neil currently provides PPA services.  No response is required to those parts of the allegations in paragraph 49 which concern plaintiffs whose claims have been dismissed from this action.

50.     HBO admits the existence of the Settlement Agreement and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 50 are inconsistent with the contents of the Settlement Agreement, HBO denies them.

51.     HBO admits that the plaintiffs in the *Fermin* lawsuit voluntarily dismissed their claims against HBO.  HBO admits the existence of the Settlement Agreement and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 51 are inconsistent with the contents of the Settlement Agreement, HBO denies them.

52.     HBO admits that the plaintiffs in the *Fermin* lawsuit voluntarily dismissed their claims against HBO.  HBO admits the existence of the Settlement Agreement and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 52 are inconsistent with the contents of the Settlement Agreement, HBO denies them.

53.     HBO denies the allegations in paragraph 53 as applied to Neil.  No response is required to those parts of the allegations in paragraph 53 which concern plaintiffs whose claims have been dismissed from this action.

54.     HBO admits the existence of the Settlement Agreement and respectfully refers the Court to that document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 54 are inconsistent with the contents of the Settlement Agreement, HBO denies them.

55.     HBO admits the allegations in paragraph 55.

56.     HBO denies the allegations of paragraph 56 as applied to Neil.  No response is required to those parts of the allegations in paragraph 56 which concern plaintiffs whose claims have been dismissed from this action.

57.     HBO denies the allegations of paragraph 57 as applied to Neil.  No response is required to those parts of the allegations in paragraph 57 which concern plaintiffs whose claims have been dismissed from this action.

58.     HBO denies the allegations in paragraph 58.

59.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     HBO denies the allegations in paragraph 60 as to Neil.  No response is required to those parts of the allegations in paragraph 60 which concern plaintiffs whose claims have been dismissed from this action.

61.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 concerning the manner in which Parking Coordinators provided work to Neil.  No response is required to those parts of the allegations in paragraph 61 which concern plaintiffs whose claims have been dismissed from this action.

62.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 concerning the manner in which Parking Coordinators and/or PPA Supervisors provided work to Neil.  No response is required to those parts of the allegations in paragraph 62 which concern plaintiffs whose claims have been dismissed from this action.

63.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 concerning the manner in which Neil sought work from a Parking Coordinator and/or PPA Supervisor.  No response is required to those parts of the allegations in paragraph 63 which concern plaintiffs whose claims have been dismissed from this action.

64.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 as applied to Neil.  No response is required to those parts of the

allegations in paragraph 64 which concern plaintiffs whose claims have been dismissed from this action.

65.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 concerning the extent to which Neil sought work from a Parking Coordinator and/or PPA Supervisor.  No response is required to those parts of the allegations in paragraph 65 which concern plaintiffs whose claims have been dismissed from this action.

66.     HBO denies the allegations in paragraph 66.

67.     HBO denies the allegations in paragraph 67 as applied to Neil.  No response is required to those parts of the allegations in paragraph 67 which concern plaintiffs whose claims have been dismissed from this action.

68.     HBO denies the allegations in paragraph 68 as to Neil.  No response is required to those parts of the allegations in paragraph 68 which concern plaintiffs whose claims have been dismissed from this action.

69.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 69 as applied to Neil.  No response is required to those parts of the allegations in paragraph 69 which concern plaintiffs whose claims have been dismissed from this action.

70.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 70 as applied to Neil.  No response is required to those parts of the allegations in paragraph 70 which concern plaintiffs whose claims have been dismissed from this action.

71.     HBO denies knowledge or information sufficient to form a belief as to the allegations in paragraph 71 as applied to Neil.  No response is required to those parts of the

allegations in paragraph 71 which concern plaintiffs whose claims have been dismissed from this action.

72.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 concerning the Parking Coordinators' alleged supervision of Neil. No response is required to those parts of the allegations in paragraph 72 which concern plaintiffs whose claims have been dismissed from this action.

73.     HBO denies the allegations in paragraph 73.

74.     HBO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 as applied to Neil.  No response is required to those parts of the allegations in paragraph 74 which concern plaintiffs whose claims have been dismissed from this action.

75.     HBO denies the allegations in paragraph 75 as applied to Neil.  No response is required to those parts of the allegations in paragraph 75 which concern plaintiffs whose claims have been dismissed from this action.

76.     HBO denies the allegations in paragraph 76 as applied to Neil.  No response is required to those parts of the allegations in paragraph 76 which concern plaintiffs whose claims have been dismissed from this action.

77.     HBO denies the allegations in paragraph 77 as applied to Neil.  No response is required to those parts of the allegations in paragraph 77 which concern plaintiffs whose claims have been dismissed from this action.

78.     HBO admits that, on or around October 7, 2015, a complaint was filed in the action captioned *Fermin, et al. v. Home Box Office, Inc., et al*., 15-cv-07941, in the United States District Court in the Southern District of New York, and respectfully refers the Court to that

document for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 78 are inconsistent with the contents of that document, HBO denies them.

79.     HBO admits the existence of the PPA Lawsuits as referenced in paragraph 79 and denies knowledge or information as to Neil's participation in those lawsuits.  No response is required to those parts of the allegations in paragraph 79 which concern plaintiffs whose claims have been dismissed from this action.

80.     HBO admits the existence of the *Fermin* lawsuit and the PPA Lawsuits and respectfully refers the Court to the pleadings in those actions for a full and accurate recitation of their contents.  To the extent that the allegations in paragraph 80 are inconsistent with the contents of those documents, HBO denies them.

81.     HBO admits that the parties agreed to a settlement of the *Fermin* lawsuit and respectfully refers the Court to the pleadings in those actions for a full and accurate recitation of their contents.  HBO denies the remaining allegations as applied to Neil, including that it retaliated against him.

82.     HBO denies the allegations in paragraph 82 as applied to Neil.  No response is required to those parts of the allegations in paragraph 82 which concern plaintiffs whose claims have been dismissed from this action.

83.     HBO admits receiving notice of Neil's participation in the *Fermin* lawsuit upon the October 4, 2016 filing of his Consent to Join Collective Action.  No response is required to those parts of the allegations in paragraph 83 which concern plaintiffs whose claims have been dismissed from this action.

84.     HBO admits receiving notice of Neil's participation in the *Fermin* lawsuit upon the October 4, 2016 filing of his Consent to Join Collective Action and denies the remaining

allegations in paragraph 84 as applied to Neil.  No response is required to those parts of the allegations in paragraph 84 which concern plaintiffs whose claims have been dismissed from this action.

85.     HBO admits that it received notice of Neil's participation in the *Fermin* lawsuit when he opted into that action on or around October 4, 2016.  No response is required to those parts of the allegations in paragraph 85 which concern plaintiffs whose claims have been dismissed from this action.

86.     No response is required to the allegations in paragraph 86, as they concern plaintiffs whose claims have been dismissed from this action.

87.     HBO denies the allegations in paragraph 87 as applied to Neil.  No response is required to those parts of the allegations in paragraph 87 which concern plaintiffs whose claims have been dismissed from this action.

88.     HBO denies the allegations in paragraph 88 as applied to Neil.  No response is required to those parts of the allegations in paragraph 88 which concern plaintiffs whose claims have been dismissed from this action.

89.     HBO denies the allegations in paragraph 89 as applied to Neil.  No response is required to those parts of the allegations in paragraph 89 which concern plaintiffs whose claims have been dismissed from this action.

90.     HBO denies the allegations in paragraph 90 as applied to Neil.  No response is required to those parts of the allegations in paragraph 90 which concern plaintiffs whose claims have been dismissed from this action.

91.     HBO denies the allegations in paragraph 91.

92.     HBO denies the allegations in paragraph 92 as applied to Neil.  No response is required to those parts of the allegations in paragraph 92 which concern plaintiffs whose claims have been dismissed from this action.

93.     HBO admits that it is common practice in the film and television industry for different production companies to employ the same Parking Coordinators and denies the remaining allegations of paragraph 93 as applied to Neil.  No response is required to those parts of the allegations in paragraph 93 which concern plaintiffs whose claims have been dismissed from this action.

94.     HBO admits the existence of the lawsuit referenced in paragraph 94 and respectfully refers the Court to the pleadings in that action for a full and accurate recitation of their contents.  HBO denies knowledge or information sufficient to form a belief as to the accuracy of the plaintiffs' allegations in that action and denies the remaining allegations in paragraph 94, including specifically that HBO employed Cabrera.

95.     HBO denies the allegations in paragraph 95 as applied to Neil.  No response is required to those parts of the allegations in paragraph 95 which concern plaintiffs whose claims have been dismissed from this action.

96 – 412.     No response is required to the allegations in paragraphs 96-412, as they concern plaintiffs whose claims have been dismissed from this action.

413.     The allegations set forth in paragraph 413 consist of legal argument or conclusion, and therefore no response is required.  To the extent that Paragraph 413 contains any factual assertions, HBO denies that Neil was an employee of HBO.

414.     HBO denies the allegations in paragraph 414.

415.     HBO denies the allegations in paragraph 415.

416.     HBO admits the allegation in paragraph 416.

417.     HBO admits the allegation in paragraph 417.

418.     HBO denies the allegation in paragraph 418.

419.     HBO denies the allegation in paragraph 419.

420.     HBO denies the allegation in paragraph 420.

421.     HBO denies the allegation in paragraph 421.

422-502.     No response is required to the allegations in paragraphs 422-502 as they concern plaintiffs whose claims have been dismissed from this action.

## AS AN ANSWER TO THE FIRST CAUSE OF ACTION

503.     HBO incorporates by reference each and every one of its preceding responses to the allegations in the Complaint.

504.     The allegations set forth in paragraph 504 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 504 contains any factual assertions, HBO admits that Neil opted into the *Fermin* lawsuit.  No response is required to those parts of the allegations in paragraph 504 which concern plaintiffs whose claims have been dismissed from this action.

505.     HBO admits the existence of the *Fermin* lawsuit and respectfully refers the Court to the complaint in that action for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 505 are inconsistent with the contents of that document, HBO denies them.

506.     HBO denies the allegations in paragraph 506 as applied to Neil.  No response is required to those parts of the allegations in paragraph 506 which concern plaintiffs whose claims have been dismissed from this action.

507.    The allegations set forth in paragraph 507 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 507 contains any factual assertions, HBO denies them with regard to Neil.  No response is required to those parts of the allegations in paragraph 507 which concern plaintiffs whose claims have been dismissed from this action.

### AS AN ANSWER TO THE SECOND CAUSE OF ACTION

508.    HBO incorporates by reference each and every one of its preceding responses to the allegations in the Complaint.

509.    The allegations set forth in paragraph 509 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 509 contains any factual assertions, HBO admits that Neil opted into the *Fermin* lawsuit.  No response is required to those parts of the allegations in paragraph 509 which concern plaintiffs whose claims have been dismissed from this action.

510.    HBO admits the existence of the *Fermin* lawsuit and respectfully refers the Court to the complaint in that action for a full and accurate recitation of its contents.  To the extent that the allegations in paragraph 510 are inconsistent with the contents of that document, HBO denies them.

511.    HBO denies the allegations in paragraph 511 as applied to Neil.  No response is required to those parts of the allegations in paragraph 511 which concern plaintiffs whose claims have been dismissed from this action.

512.    The allegations set forth in paragraph 512 consist of legal argument or conclusion, and therefore require no response.  To the extent, however, that paragraph 512 contains any factual assertions, HBO denies them with regard to Neil.  No response is required to those parts

of the allegations in paragraph 512 which concern plaintiffs whose claims have been dismissed from this action.

HBO denies that Neil is entitled to any of the relief sought in the Prayer for Relief.  No response is required to those parts of the Prayer for Relief which concern plaintiffs whose claims have been dismissed from this action.

## DEFENSES

HBO sets forth below its affirmative defenses.  By setting forth these affirmative defenses HBO does not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Neil.  HBO reserves the right to amend or supplement its defenses as investigation and discovery proceed.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Neil was not an "employee" of HBO within the meaning of the Fair Labor Standards Act or New York Labor Law.

### THIRD AFFIRMATIVE DEFENSE

Neil's claim that he engaged in protected activity is barred by the doctrine of unclean hands because, among other things, he lacked a good-faith belief that he had worked for HBO in excess of forty hours in any work week within the three years preceding his consent to join the *Fermin* Action.

### FOURTH AFFIRMATIVE DEFENSE

Neil's claims are barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Neil's alleged damages, if any, were proximately caused in whole or in part by the wrongful conduct of nonparties, and therefore any recovery must be barred or apportioned according to the respective fault of those nonparties whose actions contributed to Neil's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Neil's claims are barred because HBO took no adverse action against him based on any protected conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Neil's claims are barred by the equitable doctrines of laches and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Neil has released each of the claims asserted in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

If Neil has suffered damages, which HBO expressly denies, upon information and belief, Neil has failed to make reasonable and diligent efforts to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

HBO asserts that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  HBO reserves the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

WHEREFORE, defendant Home Box Office, Inc. respectfully requests that the First

Amended Complaint be dismissed with prejudice and that it be awarded costs, including

reasonable attorneys' fees, along with such other and further relief as the Court may deem just

and proper.

Dated: New York, New York
       January 31, 2019

                                            Respectfully submitted,

                                            DAVIS WRIGHT TREMAINE LLP


                                            By: /s/_____
                                                Laura Sack
                                                Lyle S. Zuckerman

                                                Attorneys for Defendant
                                                Home Box Office, Inc.
                                            1251 Avenue of the Americas, 21st Floor
                                            New York, NY  10020-1104
                                            (212) 489-8230 Phone
                                            (212) 489-8340 Fax