UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

MICHAEL SAPIA, *et al.*,

    Plaintiffs,

-against-                                                           No. 18 Civ. 1317 (CM)

HOME BOX OFFICE, INC.,

    Defendant.
———————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/19

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

McMahon, C.J.:

Plaintiffs bring this action against Defendant Home Box Office, Inc. ("HBO"), claiming unlawful retaliation in violation of Fair Labor Standards Act ("FLSA) and New York Labor Law ("N.Y. Lab. Law"), by virtue of their participation in an earlier lawsuit accusing HBO of failing to pay overtime wages to which Plaintiffs were entitled.

This Court granted in part Defendant's Motion to Dismiss the First Amended Complaint ("FAC") in December of 2018, albeit with leave to amend. In the earlier decision the Court dismissed the claims of all but one of the Plaintiffs – Mr. Curtis Neil.

On April 9, 2019 Plaintiffs filed their Second Amended Complaint ("SAC"). On June 21, 2019 HBO moved to dismiss the SAC for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

For the reasons that follow, Defendant's motion is DENIED and Plaintiffs are directed to comply with the Court's discovery instructions.

**I.**    **Background**

1

A full recitation of the facts can be found in the Court's order granting in part the Defendant's Motion to Dismiss the FAC. *See Sapia v. Home Box Office, Inc.*, No. 18 Civ. 1317 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018) (hereinafter referred to as "MTD Order"). The following summary references new factual allegations contained in the SAC and developments that have occurred since the MTD Order.

On a motion to dismiss, this Court accepts the factual allegations within the SAC as true, and construes them in the light most favorable to the Plaintiffs. *Liranzo v. U.S.*, 690 F.3d 78, 84 (2d Cir. 2012) (citations omitted).

   a. Relevant Facts

Plaintiffs are a group of 30 Parking Production Assistants ("PPAs") who are alleging retaliation by HBO arising out of their participation in a prior wage-and-hour lawsuit against the television network, *Fermin et al. v. Home Box Office, Inc. et al.*, No. 15 Civ. 7941 (AT) (JCF) (S.D.N.Y. 2015). The parties in *Fermin* settled the case (hereinafter referred to as the "Fermin Settlement"). (SAC ¶¶ 51–52.) The Fermin Settlement contains two release provisions, which provide for the release of all claims under FLSA and New York state law, respectively, that "accrued or accrue up through October 1, 2016." (Zuckerman Decl. Ex. C, ¶¶ 1.33–34, Dkt. No. 22.)

In addition to participating in the *Fermin* Lawsuit, all Plaintiffs in this action participated in various other PPA Lawsuits. (SAC ¶ 82.) HBO engaged in an "inquisition" into which PPAs participated in the lawsuits, using "various sources" of information to ascertain the identity of the plaintiffs. (*Id.* ¶ 85, 87–89.) Defendant allegedly implemented policies that reduced or eliminated the number of shifts assigned to PPAs who participated in *Fermin* and other lawsuits. (*Id.* ¶ 87–89, 90–91, 96.) Throughout the SAC, Plaintiffs allege the same retaliatory actions by

2

HBO as they do in the FAC, which this Court analyzed in the MTD Order. *See Sapia*, 2018 WL 6985223, at *2–3. (*See e.g., id.* ¶¶ 125–27, 155–57, 176–78, 186–90, 226–29, 391–94.)

### b. Procedural History

Plaintiffs filed their original complaint on February 14, 2018, claiming that HBO's alleged policy of reducing or eliminating the number of shifts assigned to Plaintiffs who participated in *Fermin* and the other PPA Lawsuits violated the anti-retaliation provisions of FLSA, pursuant to 29 U.S.C. § 215(a)(3) (Count I), and N.Y. Lab. Law § 215 (Count II). (Dkt. No. 1.) After a pre-trial conference, Plaintiffs filed the FAC on May 8, 2018. (Dkt. No. 17.) HBO moved to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. No. 20.) On December 17, 2018 this Court granted the motion with respect to all but one – Mr. Curtis Neil – of the 42 plaintiffs. *Sapia*, 2018 WL 6985223, at *8. Mr. Neil was the only plaintiff to allege that retaliatory actions took place after October 1, 2016. *Id.* [1]

Because the Fermin Settlement released all claims prior to October 1, 2016, this Court could not reasonably infer that Plaintiffs could plausibly state a claim for retaliation that was not barred by the Release Date. As written, the FAC did not include the dates on which the alleged retaliation took place. It strongly suggested that the retaliation occurred *before* October 1, 2016, which would then make Plaintiffs' claims subject to the release in the Fermin Settlement. That was the only defect in the pleading; in every other respect, Plaintiffs adequately pleaded their retaliation claim under FLSA. *See Sapia*, 2018 WL 6985223, at *4–5, 7. This Court highlighted

---

[1] Mr. Neil has since disappeared, ignoring his own lawyers' attempts to get in contact with him. Accordingly, counsel for Mr. Neil moved to withdraw from representing him on July 1, 2019. This Court granted their motion on July 12, 2019 and directed Mr. Neil to obtain new counsel or advise the Court that he was proceeding *pro se*. As Mr. Neil has not responded to the Court's order, an order to show cause why his claim should not be dismissed is being issued simultaneously with this decision.

3

in the MTD Order that imprecise pleading was particularly inappropriate given that Plaintiffs had access to the information necessary to support particularized allegations. *See Sapia*, 2018 WL 6985223 at \*7 (citing *Pension Ben. Guar. Corp ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 723 (2d Cir. 2013) (internal citations and alterations omitted). Hence, leave to re-plead was allowed.

Instead of following this Court's instruction, Plaintiffs filed a new lawsuit on April 9, 2019, which originally was assigned to Judge Engelmayer but has since been re-assigned to this Court and consolidated with *Sapia I*. (*See* Order, Dkt. No. 36.) This Court informed both parties that it intended to view the new complaint as Plaintiffs' SAC in the ongoing action. (*Id.*) On June 21, 2019 HBO moved to dismiss the SAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In the SAC, Plaintiffs have added the following language regarding when each Plaintiff suffered retaliation: "throughout 2016 and after October 1, 2016," "in 2016 and after October 1, 2016," or "before and after October 1, 2016." (SAC, ¶¶ 113, 127, 137, 147, 157, 167, 178, 189, 200, 209, 220, 229, 238, 247, 256, 265, 275, 285, 293, 302, 313, 322, 331, 340, 349, 359, 368, 376, 385, 394.) Plaintiffs have also added a statement that Defendant's refusal to hire them resulted in a "significant loss of income." (*See* SAC ¶ 4.) In addition, they have added the following "stock" language to their discussion of each Plaintiff's role: "Prior to opting-in to the Lawsuit, Plaintiff [] was routinely hired as a PPA for Defendant's productions." (*See* SAC ¶¶ 114, 128, 138, 148, 158, 168, 190, 201, 210, 221, 230, 239, 248, 257, 266, 277, 294, 303, 314, 323, 332, 341, 350, 360, 377, 386, 395.) Finally, Plaintiffs have informed the Court that they conducted an investigation throughout the process of amending this complaint, during which they "identified certain plaintiffs who did not have viable retaliation claims based upon alleged

4

conduct occurring after the Release Date . . . ." (Pls.' Mem. of Law in Opp. Mot. to Dismiss ("Pls.' Opp."), at 3, Dkt. No. 48.) Those plaintiffs were dropped as parties in the SAC. (*Id.*)

## II. Discussion

### a. Applicable Legal Standard

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To achieve "facial plausibility," a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This does not purport to require "heightened fact pleading of specifics," only those facts that "nudge[] [Plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Further, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In pleading a claim of retaliation under FLSA, a plaintiff must allege facts demonstrating "(1) participation in protected activity known to the defendant . . .; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Gaughan v. Rubenstein,* 261 F.Supp.3d 390, 420 (S.D.N.Y. 2017*)* (quoting *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (internal quotation marks omitted).

The first element is not in dispute. *See Sapia*, 2018 WL 6985223, at *4.

In the MTD Order this Court found that all of the Plaintiffs had adequately pleaded the second element: an employment relationship between themselves and HBO. *Id.* at *6.

The only thing left to analyze about the SAC is whether the factual allegations added to the SAC are sufficient for the Court to infer that some retaliation occurred outside the scope of the Fermin Settlement.

### b. Defendant's Motion to Dismiss is Denied

Defendants argue that the SAC should be dismissed for the same reasons as the FAC: they argue that the SAC includes new factual allegations that are written in a "vague and conclusory fashion with no specific facts or dates," from which this Court will still not be able to infer that the retaliatory actions took place after October 1, 2016. (*See* Mem. of Law in Supp. Def.'s Mot. Dismiss ("Def.'s MTD"), at 1, Dkt. No. 41.) Plaintiffs argue that this Court identified "one defect" in the MTD Order, a defect that has now been "cured . . . by filing the SAC, which alleges that Defendant retaliated against Plaintiffs after the Release Date." (Pls.' Opp. at 5.)

I agree with the Plaintiffs and so need not address the additional arguments in the parties' briefs.

This case rises and falls on the Court's MTD Order. I outlined the lone issue preventing this case from moving forward: Plaintiffs needed to "plead facts from which a reasonable trier of fact could conclude that HBO engaged in retaliatory conduct after the period covered by the release." *Sapia*, 2018 WL 6985223 at *7. Plaintiffs have added language to the SAC that addresses this Court's concerns from the FAC. (*See e.g.*, SAC ¶¶ 113, 127, 137, 147, 157, 167); (*see also* Pls.' Opp., at 5–6 (citing *Cabrera v. CBC Corp.*, No. 17-CV-6011 (CM), 2018 WL 1225260, at *5 (S.D.N.Y. Feb. 26, 2018).) The new language is generalized but sufficient for

6

this stage of the case. The additions make it plausible that the remaining Plaintiffs suffered some form of retaliation after October 1, 2016. That is all Plaintiffs needed to do to avoid yet another dismissal. If Plaintiffs are unable to provide exact dates of retaliation after the Release Date it will become clear to the Court and Defendants during discovery or on a motion for summary judgment.

This Court addressed similar issues in the "prequel" to the case at bar, *Cabrera*. 2018 WL 1225260, at *1. Plaintiffs – a group of Parking Coordinators – brought a claim for retaliation against CBS as a result of them voicing concerns about the treatment of PPAs. *Id.* at *1–2. In pleading the element of a causal connection under FLSA claims, plaintiffs did not plead *exact* dates on which they suffered retaliation. This Court wrote:

> In addition, Plaintiffs allege that Defendants refused to rehire Offutt and Staton only a month or two after they protested what they perceived to be Defendants' retaliatory policy, despite having rehired them every season since 2011. Similarly, Defendants' alleged constructive discharge of Cabrera came shortly after he complained about the perceived retaliation. Plaintiffs, thus, have sufficiently alleged a causal connection between their protected activity and Defendants' adverse employment actions.

*Id.* at *9. While these allegations are general, the Court discussed earlier in the case that pleading the "who, what, when, and where" – to a degree of specificity beyond that which makes a claim plausible – is not required during this stage of pleadings. *Cabrera*, 2018 WL 1225260, at *5. Plaintiffs are not required to plead all the facts they would use to prove the claim during trial, only those that "give Defendants fair notice of the grounds upon which their claims rest and to make their claims plausible." *Id.; see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83–84 (2d Cir. 2015); *Matson v. Bd. Of Educ. Of City Sch. Dist. Of N.Y.*, 631 F.3d 57, 72 (2d Cir. 2011) (Straub, J., dissenting in part, concurring in part).

In the case at bar, Plaintiffs have alleged that at least some retaliatory acts occurred after October 1, 2016. Given the new factual allegations that Plaintiffs have included in the SAC, this Court can reasonably infer that the remaining claims are not barred by the Fermin Settlement.

Other courts have found similar allegations sufficient to state a claim under FLSA. For example, in *Moses v. Griffin Industries, LLC,* 369 F.Supp.3d 538 (S.D.N.Y. 2019) the court held that four plaintiffs had sufficiently alleged a claim of retaliation under FLSA. *Id.* at 545. Two of the four alleged that they were "terminated from Griffin Con in March 2018 in retaliation for joining this [FLSA] lawsuit," while the other two alleged that they were terminated "after Griffin discovered that they had lost the Con Ed contract." *Id.* at 545–46 (internal citations omitted). These general allegations were enough for the Court to deny Defendant's motion to dismiss the retaliation claim with respect to those four plaintiffs. *Id.*

Further supporting the present decision is the Court's decision with respect to Plaintiff Neil in the MTD Order. This Court held the allegations in the FAC relating to Plaintiff Neil sufficient to state a claim. *Sapia,* 2018 WL 6985223, at *8. Plaintiff Neil claimed that "[o]n or around October 4, 2016" he opted into *Fermin,* and "[s]hortly after . . . Defendant ceased assigning Plaintiff Neil any shifts to work." (FAC ¶¶ 416, 418.) Plaintiffs are correct that there are now more details in the SAC than this Court previously held sufficient for Plaintiff Neil.

Given the resolution of the timing concerns, the allegations in the SAC are sufficient to state a claim of retaliation under FLSA.

### c. Plaintiffs are Directed to Provide Discovery Within 60 Days

While I am denying the Defendant's Motion to Dismiss, I remain skeptical that the Plaintiffs will be able to prove their case moving forward. The District Court has "wide

8

discretion" in handling discovery. *Soley v. Wasserman*, 639 Fed.Appx. 670, 675 (2d Cir. 2016) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004)); *see also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). At this stage, Plaintiffs have alleged *barely enough* to survive this motion to dismiss. Defendants have an absolute right not to be put through expensive and unnecessary discovery procedures if Plaintiffs could have avoided this protracted process.

Therefore, within 60 days of this Decision, each Plaintiff has to advise to Defendants every instance after October 1, 2016 that s/he suffered retaliation by HBO. This includes but is not limited to: (1) dates on which s/he applied for a job as a PPA; (2) to whom the request for employment was made; (3) any individuals spoken to at HBO; (4) emails, text messages, and any other evidence of communication between the Plaintiffs and Defendant; (5) any and all responses to employment requests; and (6) the dates on which those responses were sent to each Plaintiff.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is DENIED and Plaintiffs are directed to comply with the instructions for providing discovery outlined above.

The Clerk of Court is respectfully directed to terminate Dkt. No. 40.

Dated: September 19, 2019

_____
Chief Judge

TO ALL PARTIES BY ECF