UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MICHAEL SAPIA, et al.,

          Plaintiffs,

-against-                                    18 civ 1317(CM)

HOME BOX OFFICE,

          Defendant.

-----------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

McMahon, J.:

    Defendant Home Box Office (HBO) has filed a motion to dismiss the claims of *pro se* Plaintiff Ali Muhammed for failure to prosecute. (Dkt. No. 89). The motion is unopposed.

    For the reasons discussed below, Defendant's motion to dismiss is DENIED without prejudice.

## BACKGROUND

    For the full background of this case, the Court refers to its March 14, 2022 memorandum decision and order ("Order"), in which I denied without prejudice HBO's motion for summary judgment. *See Sapia v. Home Box Office*, No. 18-cv-1317, 2022 WL 769798 (S.D.N.Y. Mar. 14, 2022). Only the most relevant key facts are repeated here.

    On June 21, 2019, HBO moved to dismiss the Second Amended Complaint for failure to state a claim. (Dkt. No. 40).

On September 19, 2019, this Court denied HBO's motion but ordered that each of the plaintiffs produce discovery tending to support a *prima facie* case of retaliation "within 60 days of this Decision." (Dkt. No. 50, at 8-9).

On January 23, 2020, VKV made an unopposed motion to withdraw as Muhammed's counsel because he had not responded to repeated attempts to contact him, which the Court granted. (*See* Dkt. Nos. 54, 56). The Court ordered, "[i]f the Court is not so notified [that Muhammed is proceeding *pro se*] or if new counsel does not file an appearance, this matter will be subject to an Order to Show Cause why it should not be dismissed for failure to prosecute." (Dkt. No. 56). The Court directed VKV to notify Muhammed of its Order by cellphone and priority mail. (*Id.*). Muhammad did not respond.

On February 17, 2020, the Court sent its own letter to Muhammed warning him that his case would be dismissed if it did not "receive either an attorney's appearance or a letter from you indicating that you intend to prosecute this action . . . ." (Dkt. No. 60).

On April 3, 2020, Muhammed indicated he wished to proceed *pro se*.

Since then, Muhammed has not participated in this lawsuit. Admittedly, very little has occurred in this case. As this Court has noted previously, "This case is one of those that languished for want of prosecution by counsel and consequent judicial oversight during the pandemic. . ." *Sapia*, 2022 WL 769798, at *1. In what little has occurred, Muhammed has been absent. He did not oppose or otherwise respond to HBO's May 2021 motion for summary judgment, has not yet participated in discovery (which is set to close in mid-July), and has not opposed the motion to dismiss for failure to prosecute.

In its March 14, 2022 Order, the Court explained:

> Ali Muhammad has not participated in this action or provided any evidence in support of his prima facie case, although he has been served with all papers in this

case. In light of his *pro se* status, the Court is not going to dismiss his claims today. However, **when HBO renews its motion as to Mr. Muhammad, the Court will advise him that he must respond with evidence or his claims will be dismissed with prejudice.** And if Mr. Muhammad fails to participate in discovery, that can and should be called to the Court's attention at the earliest opportunity.

*Id.* at *8 (emphasis added). In that order, the Court also gave the parties 120 days to complete discovery (with discovery closing July 12, 2022) and setting a deadline for HBO's renewed motion for summary judgment for 60 days after the close of discovery (September 12, 2022).

Defendant now informs the Court in its instant motion to dismiss for failure to prosecute that Plaintiff Muhammed has not responded to written discovery or attended his deposition and, for that reason, his claims should be dismissed now for failure to prosecute. Specifically, on March 15, 2022, HBO served document demands on Muhammed. On that date, HBO also served Muhammad with notice of his deposition to take place in person on April 18, 2022. On April 11, 2022, HBO's counsel sent Muhammad a letter seeking information concerning Muhammed's vaccination status in anticipation of the in-person deposition. On April 15, 2022, HBO sent Muhammed a letter notifying him that his deposition would be postponed until he provided the requested information concerning his vaccination status. On that date, counsel also reminded him that responses to HBO's document demands were due on April 18, 2022. Muhammed did not respond to HBO's March 15 document demands, March 15 notice of deposition, April 11 letter or April 15 letter. Muhammed's deposition did not take place.

On April 29, 2022, HBO filed the instant motion to dismiss for failure to prosecute. It is essentially seeking dismissal as a sanction for failure to comply with discovery.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

3

dismiss the action or any claim against it" and that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

At the same time, "dismissal for lack of prosecution 'harsh remedy' that should 'be utilized only in extreme situations.'" *Id.* at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). "In recognition of this principle," the Second Circuit has "'fashioned guiding rules that limit a trial court's discretion' when determining whether dismissal for failure to prosecute is appropriate in a particular case." *Id.* at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.2004)). This inquiry requires evaluation of five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* Furthermore, "pro se litigants may in general deserve more lenient treatment than those represented by counsel . . ." *Bonilla Mojica v. Berryhill*, 397 F. Supp. 3d 513, 529 (S.D.N.Y. 2019).

The Court considers these factors and finds that the balance does not support dismissal at this time.

First, the bulk of the delays in this case cannot be laid on Muhammed's shoulders; indeed, the pandemic and counsel are also responsible for the languishing of this case, as this Court has explained in its March 2022 Order.

Second, Plaintiff has been given notice that failure to produce evidence will result in dismissal of his claims, but the Court's warning stated that his claims would be dismissed if and when *HBO renewed its motion for summary judgment* unless plaintiff responded with evidence. The language used by the court in its prior order does not support dismissal without further warning

4

to Muhammed. As a *pro se* plaintiff in this Circuit, he has to be treated with extra solicitude.

However, HBO is indeed being prejudiced by Muhammed's failure to provide it with discovery, so that it can fashion a defense to his claims.[1] Therefore, it is appropriate at this time to give Muhammed one final warning: participate in this lawsuit as required by the Federal Rules of Civil Procedure, or your claims will be dismissed. Muhammed has until June 24, 2022 to respond to HBO's discovery demands, and he must appear for his deposition at a mutually acceptable date during the week of June 27, 2002. If he fails to do comply, the court will, at HBO's request, issue an order to show cause why his claims should not be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is DENIED without prejudice.

This constitutes the opinion and order of the Court. It is a written opinion. The Clerk is directed to close the motion at Docket Number 89.

Dated: June 8, 2022

*[signature]*

U.S.D.J.

BY ECF TO ALL COUNSEL

---

[1] The other two factors are irrelevant here.